Filed 6/15/21  Horner v. Bank of New York Mellon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NANCY M. HORNER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>THE BANK OF NEW YORK MELLON,<br>as Trustee, etc. et al.,<br><br>    Defendants and Respondents. | G058393<br><br>(Super. Ct. No. 30-2017-00920620)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James L. Crandall, Judge.  Affirmed.

Nancy M. Horner, in pro. per., for Plaintiff and Appellant.

Akerman, Justin D. Balser and Katalina Baumann for Defendants and Respondents.

*        *        *

Plaintiff Nancy M. Horner appeals from a judgment terminating her action with prejudice against defendants The Bank of New York Mellon, as trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-16 (BONY) and Nationstar Mortgage LLC (Nationstar).  She contends the court erred by granting terminating sanctions to "punish" her for filing notices regarding certain bankruptcy cases and for seeking to stay the action.  Because the record does not support plaintiff's claim or show the court abused its discretion, we affirm the judgment.

**FACTS**

In 2017, plaintiff filed the operative complaint against BONY, Nationstar, the Wolf Law Firm, and Aurora Loan Services, LLC (Aurora).  According to the complaint, the foreclosure sale of plaintiff's home to BONY was improper due to a void assignment of the deed of trust.  The complaint accordingly alleged claims for wrongful foreclosure, quiet title, cancellation of instruments, slander of title, violation of the California Homeowner's Bill of Rights, and unfair business practices.

In January 2019, BONY and Nationstar filed a motion (Motion) for terminating sanctions or, in the alternative, evidentiary and monetary sanctions.[1]  They argued plaintiff violated court orders requiring her to respond to discovery, produce a privilege log, and pay monetary sanctions.  In February 2019, plaintiff filed an opposition and argued sanctions were improper because she did not violate any discovery order.

In February 2019, the court issued a tentative ruling granting the Motion as to an evidentiary sanction but denying the Motion as to terminating sanctions.  The court

---

[1]  Plaintiff filed a request for judicial notice requesting we take judicial notice of 27 items.  One of the items is the Motion.  With respect to this document, we construe the request for judicial notice as a motion to augment the record and grant the motion.  The remaining items include, among other things, documents regarding a deed of trust, filings in the instant action, filings in federal bankruptcy cases, and filings in an unlawful detainer action.  With respect to these remaining items, we deny plaintiff's request because the documents were not before the court at the time of its decision, are unnecessary to resolve this appeal, or are already included in the clerk's transcript.

2

explained:  "Terminating sanctions are to be used sparingly and plaintiff . . . has submitted to depositions and produced discovery responses, even if not fully compliant with the discovery act."  But the tentative ruling found plaintiff violated various discovery orders by failing to produce documents or a privilege log and by failing to pay monetary sanctions.  For example, the tentative ruling indicated "discovery orders of 12-13-18, 12-20-18, and 1-24-19 have not been fully complied with."  The tentative ruling further stated plaintiff "elect[ed] not to produce a privilege log as ordered" and her "supplemental RFPD responses of 2-1-19 [were] still not fully compliant with [Code of Civil Procedure section] 2031.220."  The tentative ruling also noted there was "evidence of documents produced in recent discovery that was within the scope of . . . earlier requests and not produced . . . ."  The tentative ruling accordingly would have granted evidentiary sanctions and permitted BONY and Nationstar to proceed with a writ of execution to collect monetary sanctions.

On the day of the tentative ruling, plaintiff filed a notice of settlement.  The court subsequently vacated the hearing on the Motion and the previously scheduled jury trial.  In April 2019, the court denied BONY and Nationstar's motion to enforce the settlement and rescheduled the trial and the hearing on the Motion.

Plaintiff then filed bankruptcy-related notices that are central to this appeal.  In May 2019, she filed a notice indicating she had filed a Chapter 13 bankruptcy petition in federal court.  In July 2019, she filed a notice of stay and argued Aurora's Chapter 11 bankruptcy case automatically stayed her case.

On the following day, the court held a hearing on the Motion.  There is no reporter's transcript of the hearing so we do not know what arguments were raised below.  The court's minute order addressed both the bankruptcy notices and the Motion.  First, the court noted it had reviewed plaintiff's bankruptcy notices and defendants' corresponding objections.  The court found "the relief from the stay has been granted by the Bankruptcy Court and the stay is lifted."  The court further found plaintiff's "Notice

3

of Stay re: Aurora . . . is inappropriate as that corporation is not a party to this lawsuit." Second, the court granted BONY and Nationstar terminating sanctions and dismissed plaintiff's complaint against them with prejudice. The order does not detail the court's reasoning but indicates the court held a hearing and considered the parties' written and oral arguments. In August 2019, the court entered judgment in favor of BONY and Nationstar.

**DISCUSSION**

Plaintiff contends the court erred by granting terminating sanctions "for what can only be understood to be punishment of [plaintiff] for filing the Notices of Bankruptcy Filings" and seeking to stay the action. According to plaintiff, there was no other reason the court would "abandon[ ] the sound reasoning expressed in the . . . tentative ruling," which had initially denied terminating sanctions. Plaintiff also claims her due process rights were violated because she did not have notice that the bankruptcy-related notices could be considered in connection with the motion for terminating sanctions. For the reasons below, we disagree and affirm the judgment.

*Applicable Law and Standard of Review*

Code of Civil Procedure section 2023.030 authorizes a trial court to impose terminating sanctions against "anyone engaging in conduct that is a misuse of the discovery process." On appeal, "'our task is not to supplant our own judgment for that of the trial court, but to ascertain whether the trial court abused its discretion by imposing a terminating sanction.' [Citations.] The question 'is not whether the trial court should have imposed a lesser sanction; rather, the question is whether the trial court abused its discretion by imposing the sanction it chose.'" (*Osborne v. Todd Farm Service* (2016) 247 Cal.App.4th 43, 54.) "Sanction orders are 'subject to reversal only for arbitrary, capricious or whimsical action.'" (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1102.) "'"'Only two facts are absolutely prerequisite

4

to imposition of the sanction:  (1) there must be a failure to comply . . . and (2) the failure must be willful.'"'"  (*Ibid.*)

Here, plaintiff has not provided a reporter's transcript of the hearing on the Motion.  (Cal. Rules of Court, rule 8.120(b) [an appellant "must include" a reporter's transcript or agreed or settled statement when "rais[ing] any issue that requires consideration of the oral proceedings"].)  "The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion."  (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259; see also Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2020) ¶ 4:45 [same].)  When an appellant elects to proceed on a clerk's transcript only, as plaintiff did here, the appeal is "considered to be upon the judgment roll alone."  (*Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)  "[E]very presumption is in favor of the validity of the judgment and all facts consistent with its validity will be presumed to have existed."  (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)
*The record does not show the court abused its discretion.*

Plaintiff claims the court granted terminating sanctions to punish her for filing the bankruptcy notices.  According to plaintiff, those filings were the only events that took place after the tentative ruling, and she had no notice they could "be considered in resolving the discovery dispute in violation of her fundamental right to due process."  But the record does not show the court erred.  The tentative ruling noted plaintiff violated various discovery orders.  Although the court chose not to impose terminating sanctions at that time, it was free to change its ruling.  (*Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300 ["[A] trial court's tentative ruling is not binding on the court; the court's final order supersedes the tentative ruling."]; *In re Marcus* (2006) 138 Cal.App.4th 1009, 1016 ["A court may change its ruling until such time as the ruling is reduced to writing and becomes the [final] order of the court"].)

5

Several events occurred in the months following the tentative ruling. Plaintiff filed a notice of settlement, which caused the court to vacate the trial and pending hearings. After there was no settlement, the court reset the trial and hearings. Plaintiff then filed the bankruptcy-related notices and attempted to stay the case. Without a reporter's transcript of the hearing on the Motion, we have no idea what occurred or what arguments were raised below. The court's minute order and judgment also do not detail the court's reasoning, and the minute order appears to address the bankruptcy-related notices as a separate issue. We accordingly cannot find the court abused its discretion based on the available record.

Plaintiff suggests she was not informed of the lack of a court reporter for the hearing in violation of California Rules of Court, rules 2.956 and 3.1310. But the Superior Court of Orange County has complied with those rules by adopting its policy regarding the availability of court reporters as a local rule. (See Super. Ct. Orange County, Local Rules, rule 190; see also Cal. Rules of Court, rule 2.956(b)(2).) That rule provides the clerk's office "will post the department in which the services of official court reporters are normally available" and "not normally available." (See Super. Ct. Orange County, Local Rules, rule 190.) The rule further indicates "[t]he list will . . . be posted on the Court's public website." (*Ibid.*) Plaintiff acknowledges she was able to locate the relevant policy on the court's Web site and attaches it to her reply brief. In any event, the tentative ruling provided further notice to plaintiff by stating, "This court will not provide a court reporter for law and motion matters. Please see court web site for further details."

Finally, plaintiff argues the court violated California Rules of Court, rule 3.1308 because the tentative ruling "did not provide for oral argument and none of the parties gave notice of intent to appear and argue." But the tentative ruling was issued on the day of the initially scheduled hearing so no other notice was required. (Cal. Rules of Court, rule 3.1308(b).) The notice provisions plaintiff relies on apply when the court

6

offers a tentative ruling *before* the day of the hearing, which was not the case here.  (Cal. Rules of Court, rule 3.1308(a).)  Regardless, plaintiff does not argue she did not have notice of the initial hearing date, and she further received a notice of ruling indicating the hearing was rescheduled after she filed a notice of settlement.  The court's minute order also says plaintiff appeared at the rescheduled hearing.  We accordingly find no error.

## DISPOSITION

The judgment is affirmed.  BONY and Nationstar shall recover their costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.


7